**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>       v.<br><br>ARON FRIED,<br><br>                Defendant. | Criminal Action No. 24-501 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Aron Fried's ("Defendant") Motion for Early Termination of Supervised Release. (Def.'s Mot., ECF No. 4.) The United States of America (the "Government") opposed. (Gov't's Opp'n Br., ECF No. 6.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1. For the reasons stated below, the Court denies Defendant's Motion.

      Defendant pleaded guilty in the United States District Court for the Southern District of New York to a one-count Information charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 for his participation in a scheme to fraudulently obtain a $1.4 million loan. (Gov't's Opp'n Br. 3, 6; Def.'s Mot. 1.)[1] As a result, he was sentenced to one year and one day imprisonment, three years of supervised release, and ordered to pay restitution. (Gov't's Opp'n Br. 3; Def.'s Mot. 1.) Defendant began his term of supervised release on May 31, 2024. (Gov't's

---

[1] The Court notes that Defendant's Motion is a two-page letter, and that Defendant submitted no supporting materials. (*See* Def.'s Mot.) Because Defendant failed to submit supporting materials, the Court draws the facts from the parties' briefs.

Opp'n Br. 3.) It is set to expire on May 30, 2027. (*Id.*) In August of 2024, Defendant's supervision was transferred to this District. (Transfer of Jurisdiction, ECF No. 2.)

Defendant suffers from dedifferentiated chondrosarcoma, a rare and aggressive form of bone cancer. (Def.'s Mot. 1.) Since 2017, he has undergone aggressive chemotherapy and two surgeries to remove tumors on his arm. (*Id.*) He is currently in remission. (*Id.*)

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). As is routine in dealing with the modification of a defendant's sentence, the statute directs the Court to consider the 18 U.S.C. § 3553(a) factors.[2] In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of

---

[2] The § 3553(a) sentencing factors are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). Generally, however, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), it follows that early termination of supervision should be prompted by a "new or unforeseen circumstance." *Davies*, 746 F. App'x at 89. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable," "is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

Defendant requests the Court terminate his supervision because "[t]he need to seek permission from Probation to leave the state for work and for time to be with his family outside of New Jersey is onerous." (Def.'s Mot. 2) He avers that he "requires no supervision and that this Court can be assured he will continue to lead a law[-]abiding life." (*Id.*)

The Government persuasively opposes Defendant's motion, arguing that the circumstances of Defendant's offense of conviction and the applicable § 3553(a) factors weigh against early termination. (*See generally* Gov't's Opp'n Br.) It argues that Defendant helped engineer a sophisticated scheme to fraudulently obtain a $1.4 million loan. (*Id.* at 6.) It submits that Defendant's assertions as to his burden of requesting permission from Probation to travel is threadbare: he cites no denials or delays regarding such requests; he offers no information to support that asking for permission is onerous; and he shows no change in circumstances warranting an early end to his supervised release. (*Id.*) The Government, moreover, contends that compliance with the terms of supervised release is "mandated and demanded, and not an extraordinary circumstance meriting special consideration." (*Id.*) It maintains that Defendant already received a below-Guidelines term of imprisonment, and that Defendant's compliance with the conditions of his release show that he is currently on the right path and his supervision is therefore effective. (*Id.* at 7.)

First, weighing the § 3553(a) factors, the Court concludes that early termination of supervision is not warranted. Defendant's conduct was sophisticated and serious. He conspired to obtain a $1.4 million loan under false pretenses. (Gov't's Opp'n Br. 2-3.) Although Defendant accepted responsibility by pleading guilty, he received a sentence below the Guidelines range. (*Id.* at 3, 7.) The Court finds, therefore, that any additional reduction in Defendant's sentence may create a disparity among other similarly situated defendants. *See United States v. Louie*, No. 10-150, 2011 WL 601276, at *3 (D.N.J. Feb. 16, 2011) (terminating supervision early would "increase the disparity of sentences between this [defendant] and his co-conspirators convicted of similar crimes.").

Second, after considering the sentencing factors, § 3583(e) provides that district courts "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Defendant's argument for early termination rests solely on his compliance with the terms of his release and desire to travel outside of New Jersey without having to ask for permission from Probation. (*See generally* Def.'s Mot.) While compliance with the terms of supervised release is commendable, Defendant's proffered reasons fall short of meeting his burden of showing that early termination is warranted. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release where defendant provided no other reason than compliance with conditions of his supervision). His success in complying with the mandatory terms of his supervised release "is precisely what is expected of him." *Id.*

Finally, the interests of justice do not mandate early termination. Defendant fails to raise any undue hardship or burden that arises from his supervised release. Nor does he point to any change in circumstance that warrants deviation from his current conditions. Although the Court acknowledges that Defendant has a rare form of cancer currently in remission, and that he claims it is "onerous" to ask permission to leave New Jersey for work and time to be with his family outside of the state (Def.'s Mot. 2), without more, "the Court remains satisfied that upon [sentencing], the imposition of [Defendant]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)). The Court, therefore, concludes that early termination is unwarranted and

declines to exercise its discretion to terminate the remainder of Defendant's supervised release early. Accordingly,

IT IS, on this 31st day of October 2025, **ORDERED** as follows:

1. Defendant's Motion for Early Termination of Supervised Release (ECF No. 4) is **DENIED.**

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**